# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

WILLIAM SCHISLER, SR. and ANNETTE DOW,

                                       Plaintiffs,

           -v.-                                                   6:16-CV-1050
                                                                       (GLS/ATB)

ROBERT THOMAS, et al.,

                                       Defendants.

WILLIAM G. SCHISLER, SR., Plaintiff pro se
ANNETTE DOW, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint signed by both plaintiffs, together with an application to proceed in forma pauperis (IFP), filed only by plaintiff William G. Schisler, Sr. (Dkt. Nos. 1, 2). Plaintiffs bring this complaint on a form used for civil rights actions filed under 42 U.S.C. § 1983. Plaintiffs seek substantial monetary relief. (Complaint ("Compl") ¶ 6).

## I. **IFP Application**

There are two plaintiffs listed in the complaint. Only plaintiff Schisler has filed a signed IFP application. (Dkt. No. 2). Mr. Schisler declares that he is unable to pay the filing fee, and the court finds that he would be financially eligible to proceed IFP. However, Ms. Dow has failed to file any IFP application. Thus, she would be unable to proceed as a plaintiff in this action, and Mr. Schisler is well aware that he cannot represent, appear for, or even sign court documents on behalf of Ms. Dow because Mr. Schisler is not an attorney and may only represent himself. 28 U.S.C. § 1654. Although the court would generally provide plaintiffs an opportunity to correct this error, a

review of the complaint shows that it must be dismissed with prejudice for failure to state a claim even if Ms. Dow had submitted the proper documentation.  Thus, the court will overlook Ms. Dow's failure to provide a properly signed IFP application and proceed to consider the merits of the complaint.

In addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards.

## II.  Facts

Plaintiffs have named Robert Thomas and "Family"[1] as defendants in this action. (Compl. at ¶ 3). Actually, only the caption of the complaint lists "Family" as a defendant. The section entitled "Parties" only lists Robert Thomas as a defendant. (*Id.*) The complaint states that it has been brought for "failure to control your tenants." (Compl. at p.1). Apparently plaintiffs are attempting to sue their neighbors for continually using foul language and calling the police to report plaintiffs' service dog for "barking in his own yard," notwithstanding the fact that the neighbors have a CB radio that "comes over TVs till 2-3 am in the morning." (Compl. ¶ 4). Plaintiffs state that their dog is a "legal service dog," and he is only barking so that a rock can be thrown for him. (*Id.*) Plaintiffs allege that the defendants have threatened to kill the service dog on several occasions.

Defendants have also called the dog warden on several occasions to "try" to issue plaintiffs a "ticket." Plaintiffs claim that when the dog warden arrived at their home, they showed him proof that the dog qualified as a service dog, and that the dog would

---

[1] Plaintiffs indicated that they did not know the names of the "Family," so the Clerk added "John/Jane Does" as defendants.

stop barking if someone threw a rock for him. Plaintiffs then vaguely "ask" "how can they continually abuse their animals on a daily basis and nothing is being done while we can not have our dog in our own back yard."[2] (Compl. ¶ 4(2)).

Plaintiffs have three causes of action: (1) discrimination against service animals; (2) discrimination against hearing impaired and walking disabled people; and (3) "unfair and unjust to not allow a service dog to . . . exercise every day in his own backyard." (Compl. ¶ 5). Plaintiffs seek substantial monetary relief. (Compl. ¶ 6).

## III. Jurisdiction

### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 562 U.S. 428, 434-35 (2012); *Henderson ex rel. Henderson v. Shinseki*, 428 U.S. 428, 434-35 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

---

[2] The court notes that plaintiffs' statement about the defendants "abusing" their animals is completely conclusory and has no basis in the complaint.

4

B.  Application

1.  Federal Question Jurisdiction

a.  Section 1983

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331.  Plaintiffs have filed this case, using a form for civil rights actions under 42 U.S.C. § 1983.  To state a claim under section 1983, the plaintiffs must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States, and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).  The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y.  Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).  Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).  A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d

255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

### b. Application

Plaintiffs have sued only private individuals. They have sued Robert Thomas, who is apparently plaintiffs' neighbor and his "family," whose names plaintiffs do not know. Regardless of their identity, it is clear that none of the defendants are alleged to be acting under color of state law. The fact that they have called the dog warden to complain about plaintiffs' dog does not turn their conduct into state action, and there are no allegations that the defendants conspired with anyone acting under state law. It also appears that when the dog warden arrived at plaintiffs' home, he or she did not issue a ticket after plaintiffs provided proof that the dog was a service dog.[3] Plaintiffs are clearly having a dispute with their neighbors about a barking dog, and there is no jurisdiction under section 1983. Thus, to the extent that plaintiffs have filed their action pursuant to section 1983, it must be dismissed.[4]

---

[3] Even though it would not make a difference to this court's decision, plaintiffs state that defendants called the dog warden to "try and issue a ticket." This language appears to indicate that no ticket was issued.

[4] Because the court must interpret a pro se action to raise the strongest arguments it suggests, the court has also considered any other potential basis for jurisdiction available to the plaintiffs based upon the facts as stated in the complaint. Although plaintiffs allege "discrimination" against disabled people, there is no possibility for a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., because in relevant part, the act requires that the discrimination be committed by a public entity, not private individuals. *Noel v. New York City Taxi and Limousine Service*, 687 F.3d 63, 68 (2d Cir. 2012) (citations omitted) (ADA covers public entities). This is true regardless of any alleged threats that defendants have made against plaintiffs' service dog, as inappropriate as they might be. Additionally, although plaintiffs allege "discrimination" in their causes of action against them and their service dog, the facts of the complaint show that the defendants' conduct was prompted by the dog barking and had nothing to do with plaintiffs' alleged disabilities.

The court must point out that this is not the first time that plaintiffs have attempted to sue private individuals under section 1983. In *Schisler v. Domenico, et al.*, 6:15-CV-734 (TJM/ATB), plaintiffs were told in this court's recommendation and the district court's order adopting the recommendation, that they could not sue individuals for violations of section 1983. (6:15-CV-734 – Dkt. Nos. 6, 8). Although they believe that they have been subjected to many injustices, they still must have a federal basis for jurisdiction.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, there is no basis for federal court jurisdiction, and it appears that there is no amendment that plaintiffs can make that would confer jurisdiction or state a federal claim. Thus, this court will recommend dismissing the complaint with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff Schisler's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.

7

Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 1, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge